IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 1:12-CR-22-WLS** |
| | : | |
| VICTORIA L. METZ | : | |
| _____ | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PRO SE EXPEDITED MOTION FOR AN APPEAL BOND (Doc. # 72)

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and respectfully responds in opposition to defendant's pro se motion for release pending appeal and for delay of surrender date as set forth herein.

## PROCEDURAL HISTORY

- **Trial and Conviction:**

Almost exactly one year ago, January 16, 2013, Defendant Metz was convicted by a jury of sixteen of the twenty criminal offenses. (Jury Verdict, Doc # 41). Defendant Metz was convicted the following offenses: count one through ten: Embezzlement of Government Property, in violation of Title 18 United States Code, Sections 641 & 2; counts eleven, twelve, sixteen, eighteen, nineteen, and twenty: Aggravated Identity Theft, in violation of Title 18, United States Code,

Section 1028A and 2.  Defendant Metz has remained on bond since her conviction. She has recently been directed by the Bureau of Prisons to surrender

- **Sentencing, Appeal and New Surrender Date:**

On April 25, 2013, defendant Metz was sentenced by this Court to 48 months in the Bureau of Prisons (Doc. #48), and the judgment was entered on the docket on May 6, 2013. (Docs. # 50, 51).  Thereafter, this Court extended the defendant's surrender date to the Bureau of Prisons due to the defendant's pregnancy. (Doc. # 62).  The defendant filed her appeal brief on December 9, 2013. (Doc. # 72) The defendant gave birth on December 30, 2013.  (Doc. 72, para. 5.)  The Bureau of Prisons has directed the defendant to surrender on February 3, 2014, to begin serving her sentence. (Doc. #72, para. 3)

## DISCUSSION

As set forth below, defendant's motion for bond pending appeal is for purposes of delay and her appeal raises no substantial questions.  Note, in her appeal brief, defendant claims only that her convictions for aggravated identity theft should be overturned based on insufficiency of the evidence.  She does not appeal her conviction for theft of government property.  Defendant was sentenced by this Court to 24 months imprisonment on counts 1-10, the theft of government property counts.  She was sentenced to a consecutive 24 months for her

convictions of aggravated identity theft, counts 11, 12, 16, 18, 19 and 20. Defendant received a mandatory minimum additional 24 months on the counts of aggravated identity theft. Thus, assuming that the defendant's convictions for aggravated identity theft were to be overturned, she would still face 24 months in prison on counts 1-10.  Thus, defendant's appeal will not result in a sentence of no imprisonment.  Defendant offers only her own belief in her own innocence in her motion:  "The defendant at no time has admitted her guilty and is sincere in her belief that she is innocent."  (Doc. 72, para. 7)  The defendant has not shown any substantial question likely to result in a reversal of any of her convictions. Accordingly her motion for bond should be denied.

### A. 18 U.S.C. § 3143 (b):

Pursuant to 18 U.S.C. § 3143 (b), a defendant convicted of a crime *shall be detained pending his appeal* unless a court finds:

(1) that the defendant is not likely to flea or pose a danger of the safety of any other person or the community if released;
(2) that the appeal is not for purpose of delay;
(3) that the appeal raises a substantial question of law or fact; and
(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(emphasis added);  see also, United States v. Giancola, 754

F.2d 898, 901 (11th. Cir. 1985).

The defendant has the burden to prove each of the four factors as the Bail Reform Act presumes that convictions are correct. Id. at 900-901.  Therefore, the question presented to this Court is whether defendant has satisfied her burden of establishing that she is not likely to flee or pose a danger to the safety of any other person or to the community if released, that the appeal is not for the purpose of delay, *and* that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial on the count on which imprisonment has been imposed, or a reduced sentence that is less than the expected duration of the appeal process. (The government does not contend that *Metz* is a risk of flight or a physical danger; accordingly, these factors are not addressed.)

A defendant presents a "substantial question" if there is a 'close' question or one that very well could be decided the other way. Id.  Furthermore, the phrase "likely to result in reversal or an order for a new trial" means that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Id. at 900 (quoting United States v. Miller, 753 F.2d 19 (3d Cir. 1985); see also, United States v. Fernandez, 905 F.2d 350, 354 (11th. Cir. 1990)).

A reasonable jury was entitled to believe the government's witnesses and evidence, and, as in the case at bar, to disbelieve the defendant's own testimony.  A

4

jury's credibility determination is not likely to be set aside by the court of appeals.

## Conclusion

For the foregoing reasons, the government respectfully submits that this Court should find that Defendant Metz has failed to meet her burden of proof for bond pending appeal and that the motion should be denied.

Respectfully Submitted, this 15th day of January, 2014.

> MICHAEL J. MOORE
> UNITED STATES ATTORNEY
>
> By:   s/ JIM CRANE
>   ASSISTANT UNITED STATES ATTORNEY

# **CERTIFICATE OF SERVICE**

I, Jim Crane, Assistant United States Attorney, hereby certify that on the 15th day of January, 2014, I electronically filed the within and foregoing Pleading with the clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Phil Cannon
P.O. Box 727
Albany, GA.  31702
229-446-8085
PhilCannon-Assoc@msn.com

And in addition, I have sent a copy via first class United States mail to:

Victoria Metz, pro se
404 Town Center Dr., apt. 314
Lagrange, Ga. 30241


s/ JIM CRANE
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 193275


U.S ATTORNEY'S OFFICE
UNITED STATES DISTRICT COURT
2nd FLOOR
201 WEST BROAD AVENUE
ALBANY, GA 31701
229-430-7754